**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| Robert Corkery,<br>Plaintiff,<br><br>v.<br><br>Coinstar, LLC,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 1:23-cv-00362-MRD-AEM |

**ORDER**

Plaintiff Robert Corkery's Revised Emergency Motion and Memorandum In Support of Plaintiff's Emergency Motion to Compel Defendant to Respond to Plaintiff's 3rd Request for Production of Documents and Amend Redactions to Produce Unredacted Versions of Improperly Redacted Documents Needed for Depositions Scheduled for in the Immediate Week Filed with Only *Unsealed* Exhibits ("Motion to Compel") (ECF No. 51) is before the Court for decision. Defendant Coinstar, LLC filed an Objection (ECF No. 61). While this case is stayed, Mr. Corkery waived filing a Reply to the Objection to the Motion to Compel and requested that the Court rule on the Motion to Compel prior to the end of the stay. ECF. No 66 at 2.

The Motion to Compel presents two distinct issues: (i) whether Coinstar's responses to Mr. Corkery's Third Set of Requests for Production ("RFPs") Nos. 1-9 and 11 are deficient; and (ii) whether Coinstar's production of approximately 2,000 pages of redacted board meeting minutes was improper. *See generally*, ECF No. 51.

## I. STANDARD

Federal Rule of Civil Procedure 26(b)(1) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, . . . the

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The party seeking to compel discovery bears the burden of showing that the requested discovery is relevant and proportional. *See TG Plastics Trading, Co. v. Toray Plastics*, C.A. No. 09-336S, 2010 WL 936221, at *2 (D.R.I. Mar. 12, 2010).

Determining whether "to compel the production of documents in response to *specific* requests for production served under Rule 34 . . . requires consideration not only of its logical relevance, but also of (among other things) its burdensomeness and its proportionality to the needs of the case." *Conservation Law Found. Inc. v. Shell Oil Co.*, Civil No. 3:21-cv-00933, 2023 WL 5434760, at *2 (D.Conn. Aug. 22, 2023) (emphasis in original). In connection with proportionality, "[a] party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them." Advisory Committee Notes to 2015 Amendment to Rule 26(b)(1).

## II. THIRD SET OF REQUESTS FOR PRODCUTION

Mr. Corkery contends that the responses to numbers 1-9 and 11 of his Third Set of RFPs are deficient, albeit without much explanation of what is "severely deficient" about them within the Motion to Compel. *See* ECF No. 51 at 1-12.[1] Each RFP will be discussed in turn.

Within the voluminous exhibits to the Motion to Compel, Mr. Corkery contends that RFP Nos. 1-4 are deficient because they fail to include "revenue by 'revenue stream'" and No. 5 is deficient for lack of monthly revenue for 2021. ECF No. 51-2 at 35-37. Mr. Corkery does not

---

[1] While Exhibit T to the Motion to Compel includes "the request . . . and the reasons why the movant maintains that the response is inadequate[,]" it does not include "the response made" by Coinstar, as required by Local Rule Civil 37. See ECF No. 51-2 at 34-39. Moreover, the Motion to Compel is akin to a chronology of complaints rather than the "legal argument necessary to support it" as required by Local Rule Civil 7(a)(2)(A). *See generally*, ECF No. 51.

appear to explain how those particular revenue figures bear on the issues in the case. *See id.* In response, Coinstar represents that it has produced adPlanet's total revenue and revenue by revenue stream data for each year requested; a month-by-month breakdown of adPlanet revenue by several streams from January 2020 through February 2024; individual sales transaction data; and additional monthly revenue figures by category. ECF No. 61 at 12.

Focusing on what it calls Mr. Corkery's "remaining complaint," Coinstar explains that it did not produce revenue data in the format of a specific table that was in a business update presentation for all relevant years because that specific type of table was not created for all relevant years. ECF No. 61 at 12-13. Federal Rule of Civil Procedure 34 provides that parties must produce documents "as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(a)(2)(E)(i). It does not require a party to create tables or presentations that do not exist. *See id.*

For RFP Nos. 6 and 7, Mr. Corkery appears to argue that certain conversations or chats were not produced. ECF No. 51-2 at 37-38. Mr. Corkery does not appear to explain how those conversations or chats bear on the issues in the case. *See id.* Coinstar relies on its compliance with the parties' agreed-upon Electronically Stored Information protocol (ECF No. 61-8) for producing portions of conversations containing search-term hits and then producing the entire conversation or chat when requested. ECF No. 61 at 14.

RFP Nos. 8, 9 and 11 pertain to Mr. Wohl's compensation. ECF No. 51-2 at 38-39. Mr. Corkery contends that he did not receive an offer letter or bonus documents and further that information about Mr. Wohl's 2022 and 2024 compensation is missing. *Id.* Mr. Corkery does not appear to explain how those materials pertain to the issues in the case. *See id.* Coinstar responds that it produced Mr. Wohl's offer letter, year-end compensation statements, IRS Forms W-2 for 2022 through 2024, incentive plan documents for plans in which Mr. Wohl participated, and his

final paystub. ECF No. 61 at 9. Further, Coinstar contends that it would be unduly burdensome and disproportionate to have to search for transmittal emails. *Id.*

Coinstar provides details on the documents it produced in response to all the RFPs at issue. While Mr. Corkery makes numerous general allegations of deficiencies in these productions, he fails to meet his burden to demonstrate that there are other relevant proportional materials that have not been produced. And nowhere in the Motion to Compel does Mr. Corkery explain how the missing materials bear on the issues in this case. Under these circumstances, the Court will not order Coinstar to conduct additional searches that would be unduly burdensome and disproportionate to the case. Finally, the Court will not order Coinstar to create documents that do not exist.

## III. REDACTED BOARD MEETING MINUTES

Mr. Corkery contends that approximately 2000 of 2600 pages of documents were "redacted seemingly improperly" and contained "obviously improper redactions." ECF No. 51 at 7, 12. Mr. Corkery provides examples of these redacted documents under seal. *See, e.g.*, ECF No. 52-3; ECF No. 52-4. He further seeks a privilege log, "if any applies." ECF No. 51 at 12.

Coinstar explains that these redacted documents were produced not in response to a discovery request but rather voluntarily out of fairness under Federal Rule of Evidence 612(b) because they were reviewed by a witness in preparation for his deposition testimony. ECF No. 61 at 15. The witness reviewed the documents in redacted form while preparing for the deposition, so Coinstar produced them to Mr. Corkery in that same redacted form. *Id.* Coinstar also contends that because nothing was withheld based on privilege, no privilege log is required. *Id.* at 16.

Rule 612 of the Federal Rules of Evidence pertains to writings that are used to refresh the memory of a witness either while or before testifying. Rule 612(b) provides that "an adverse party is entitled to have the writing[.]" Here, the writing used to prepare the witness to testify was

provided to the opposing party in the same redacted form that the witness reviewed it in preparation for his testimony. Mr. Corkery has not provided any authority, nor has the Court found any, indicating that an unredacted document must be provided when a witness prepared with a redacted document. Notably, the First Circuit has held that it was not an abuse of discretion when a district court denied a party's request for an unredacted copy of a report under Rule 612(b) even though the witness reviewed an unredacted copy prior to testifying; the party was provided with a redacted copy. *Smith & Wesson, Div. of Bangor Punta Corp. v. United States*, 782 F.2d 1074, 1083 (1st Cir. 1986). Providing the redacted documents in this case, therefore, was not improper.

A privilege log is required under Federal Rule of Civil Procedure Rule 26(b)(5)(A) when information is withheld as "privileged or subject to protection as trial-preparation material[.]" Here, the document was provided in the same format it was used to prepare a witness, with redactions. There is nothing before the Court to indicate that any of those redactions were for privilege, nor has Mr. Corkery provided any authority indicating that if documents provided pursuant to Rule 612(b) of the Federal Rules of Evidence are redacted for privilege, then a log must be produced. As such, Mr. Corkery has not established that a privilege log is applicable in this context.

**IV. CONCLUSION**

For the reasons explained above, Mr. Corkery's Motion to Compel (ECF No. 51) is DENIED.

/s/ Amy E. Moses
AMY E. MOSES
United States Magistrate Judge

October 6, 2026